Opinion of the court.

## T. W. WALLACE *v.* THE STATE.

PRACTICE.— JUDGMENT UPON A PLEA OF GUILTY will be reversed unless the record shows that the defendant was admonished by the court as to the consequences of such plea, and that he was sane and uninfluenced by any consideration of fear, or by any persuasion or delusive hope of pardon prompting him to confess his guilt.

APPEAL from the District Court of Erath. Tried below before the Hon. T. L. NUGENT.

The indictment charged the appellant and one J. M. Saunders with the theft of personal property exceeding $20 in value. A severance being granted, the defendant pleaded guilty and his punishment was assessed by the jury at two years' confinement in the penitentiary. Motion for new trial was made and overruled, and the case appealed. The judgment is now reversed because of the failure of the court to comply with an imperative statutory provision governing pleas of guilty.

No brief for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. The record states that the defendant pleaded guilty, but fails to show that he had been admonished by the court as to the consequences of such plea, and that he was sane and uninfluenced by any consideration of fear, by any persuasion or delusive hope of pardon prompting him to confess his guilt. Code Crim. Proc. arts. 534, 518 and 519; *Saunders* v. *State*, decided at the present term. *Ante,* p. 336.

Because the plea upon which defendant was tried was insufficient in law, the judgment is reversed and the cause remanded.

*Reversed and remanded.*